LORIS ZENOVIA PIRTLE V. STATE.

No. 25,956. October 22, 1952.

Hon. A. P. Mays, Judge Presiding.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of two years in the penitentiary for murder without malice. The indictment charges the murder, without malice, of Lorenzo Pleasant on the 2nd day of February, 1952.

A voluntary confession admitted in the case details the incidents of the murder and fully sustains the jury's verdict. According to her testimony given as a witness in the case, much of which is in conflict with that contained in the written confession, the deceased and another Negro who had come to the house had bought some whisky and were engaged in a drinking party. She went to the home of another person and was preparing to make ice-cream for that evening. When she returned she found her talcum powder spilled on the dresser and some of her clothes lying on her trunk were burning which had filled the house with smoke. This gave rise to the difficulty, resulting in his death. She, in her evidence before the jury, defended her action on the plea of self-defense. Evidently the jury discounted this issue.

The weapon used was a knife, with which she stabbed the deceased severing the jugular vein and he bled to death shortly thereafter.

No brief has been filed for appellant in this case and we are

unable to determine from the record as it is before us what complaint is chiefly relied upon in asking for reversal. The formal bills of exception complain of the failure of the court to give certain charges which were requested. We have examined these and are of the opinion that the main charge submitted all pertinent issues raised by the evidence in the case.

There are three indexed exceptions found in the statement of facts and these are generally referred to as informal bills. The first of these complains of a question asked Jack Keeton, defendant's witness, by the county attorney, as to whether or not he owed Madera Kirkland any money. He answered that he did not. After the answer was made objection was made, which the court overruled. The purpose of the question is not revealed and certainly the answer given did no harm to defendant's case.

Another exception, found on page 66 of the statement of facts, might be similarly treated. The question asked and the answer given are found in the record. The objection was later made by the county attorney and this was sustained by the court. The evidence was not withdrawn and we are unable to tell from the record whether the objection relates to evidence already given or to the indicated questions to follow. The bill has no force.

The third informal bill, found on page 69 of the record, is not a complete bill and we are unable to understand the complaint which is attempted to be made.

We find no reversible error in the trial of the case and the judgment is accordingly affirmed.